UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

MARK BELLI,

              Plaintiff, *pro se,*

  -against-

THE CITY OF NEW YORK, NYPD CAPTAIN
RAYMOND FESTINO, NYPD DETECTIVE
MARK LEONARD

            Defendants.
--------------------------------------------------------X

 **ORIGINAL**

Civil Action No.:CV16-6127 **(PKC)(LB)**

<u>AMENDED COMPLAINT</u>

JURY TRIAL DEMANDED

      Plaintiff Mark Belli, appearing *pro se*, hereby brings this action under 42 U.S.C. §
1983 to redress his civil and legal rights, and alleges as follows:

## PRELIMINARY STATEMENT

    1.    This is a civil rights action in which the Plaintiff, Mark Belli, seeks relief for
the Defendants' violations of his rights secured by the Civil Rights Act of 1871, under 42
U.S.C. § 1983, by the United States Constitution, including its First, Fourth and
Fourteenth Amendments, and by the laws and Constitution of the State of New York.
Plaintiff seeks compensatory and punitive damages, an award of costs, interest and
attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the
First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction
is conferred upon this Court by 42 U.S.C. §§ 1331 and 1343, this being an action
seeking redress for the violation of the Plaintiffs' constitutional and civil rights.



3.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case of controversy.

4.      Venue in this District is proper under 28 U.S.C. § 1391 (b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

**JURY TRIAL DEMANDED**

5.      Plaintiff demands a trial on each and every one of his claims as pleaded herein.

**PARTIES**

6.      At all times relevant to this action, Plaintiff was a resident of Kings County, New York.

7.      Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of Defendant Captain RAYMOND FESTINO, and NYPD Detective MARK LEONARD.

8.      Defendants Festino and Leonard are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York

2

City Police Department, a municipal agency of Defendant CITY OF NEW YORK. At all times relevant herein, the individual Defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of Defendant CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

9.     By the conduct, acts, and omissions complained of herein, Defendants violated clearly established constitutional standards under the First, Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

## NOTICE OF CLAIM

10.     Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York, setting forth the facts underlying Plaintiff's claim against the New York Police Department, Detective Leonard and Defendant CITY OF NEW YORK.

11.     The City assigned a claim number to Plaintiff's claim on September 17, 2015; Claim No. 2015PI026357 (Enclosed).

12.     To date, no answer has been received by Plaintiff and no compensation has been offered by Defendant CITY OF NEW YORK in response to this claim.

3

13.     This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

### STATEMENT OF FACTS

14.     On the afternoon of August 15, 2015, Plaintiff was ordered by Detective Leonard of the 68th Precinct Detective Squad to surrender himself and did so turn himself in (after 2:00 PM), upon the alleged accusation that he violated an Order of Protection.

15.     Plaintiff's ex-wife, Mary Belli, and his daughter, Maggie Belli, had obtained a limited Order of Protection against Plaintiff which permitted Plaintiff access to the garage of his residence. The order of protection provided (in part) as follows: "[99] observe such other such conditions as are necessary to further the purposes of protection: DEFENDANT MARK BELLI allowed to enter the garage at 258 92 STREET, BROOKLYN, NY 11209 only for the purpose of obtaining only tools, equipment, and materials relating to Defendants job.;" (see attached EXHIBIT A the order of protection issued by Honorable Stephen M. Antignani dated 7/27/15).

16.     Despite the fact that Detective Leonard was advised that Plaintiff Mark Belli had no contact with Mary Belli or with Maggie Belli, the subjects of the Order of Protection, Detective Leonard insisted that Plaintiff turn himself in to be arrested.

17.     Upon information and belief, the New York Police Department recklessly disregarded Plaintiff's statements and disregarded the statements of an eye-witness that there was no contact and/or occurrence which could have given rise to a violation of the Order of Protection.

4

18.     Upon information and belief, the New York Police Department did not adequately investigate the claims that the Order of Protection had been violated and, in fact, the officers did not read or review the Order of Protection to determine whether there was any validity to the allegations that were made by the complainant.  A copy of the accusatory instrument dated August 15, 2015 and signed by Mary Belli, which merely alleges that :"Deponent is informed by Mary Belli that, at the above time and place...Informant observed Defendant sitting in the passenger side of Defendant's girlfriend's vehicle in front of informant's residence," without any additional description is attached as EXHIBIT B

19.     Notwithstanding that the Detective was advised that Plaintiff had no contact with Mary Belli and Maggie Belli the subjects of the Order of Protection, the Detective advised Plaintiff that he had no discretion with respect to Plaintiff's arrest. He advised Plaintiff that since Plaintiff was accused of violating an Order of Protection, that protocol implemented by his Captain required him to arrest Plaintiff.

20.     The Detective advised Plaintiff that it is, and was, New York Police Department protocol and/or practice to make arrests in situations such as Plaintiff's when there is an alleged violation of an Order of Protection. The Detective advised Plaintiff that he had absolutely no discretion with respect to the arrest because the Captain gave him no discretion.

21.     Upon information and belief and based upon anecdotal evidence and discussions which Plaintiff has had with friends, acquaintances, former classmates who are/were members of the New York Police Department, the New York Police

5

Department has a policy and/or practice of arresting individuals who are accused of violating an order of protection once a complaint is made.

22.    Upon information and belief, the policy and/or practice adopted by the New York Police Department of arresting individuals who are accused of violating orders of protection without reading and/or reviewing the order of protection, is systemic and has been implemented by those who are at the top of the chain of command.

23.    Upon information and belief, Officer Leonard was required by Department protocol and/or practice by his commanding officer to arrest Plaintiff without regard as to whether Plaintiff violated the order of protection and failed to read the most current order of protection (EXHIBIT A)

24.    Plaintiff's arrest with respect to the order of protection was made without probable cause. Exhibit A and Exhibit B together prove this without any other evidence.

25.    Subsequent to Plaintiff's arrest, the Court and the King's County District Attorney's Office was informed that although the limited Order of Protection permitting Plaintiff access to the detached garage for the purpose of obtaining tools for work, Plaintiff never entered the garage.

26.    Subsequent to Plaintiffs arrest, the Court and the King's County District Attorney's Office was advised that the Plaintiff did not have any contact with Mary Belli, Plaintiffs ex-wife, or with Maggie Belli, Plaintiff's daughter, the subjects of the Order of Protection.

27.    Subsequent to Plaintiff's arrest, the Court and the King's County District Attorney's Office was advised that Plaintiffs sole contact with any persons at the residence was with Plaintiff's son which took place off the property, and that there were

no restrictions on contact between Plaintiff and his son.

28.     Any allegations that Plaintiff purportedly violated the Order of Protection were unsubstantiated and the District Attorney caused the Plaintiff to incur extensive damages by maliciously prolonging the prosecution of the June 9, 2015 incident.

29.     As a consequence of the actions taken by the New York Police Department, the Court and the King's County District Attorney's Office, Plaintiff also was deprived of access to his home and was forced to find alternative housing for an extended period of time and was deprived of his personal belongings.

30.     As a consequence of the actions taken by the New York Police Department, the Court and the King's County District Attorney's Office, Plaintiff was deprived of his limited access to the garage at the residence and was no longer able to pick up his tools and materials and was denied access to the property.

31.     As a consequence of the actions taken by the New York Police Department, the Court and the King's County District Attorney's Office, the charges which were made in connection with the previous Order of Protection took longer to resolve and caused Plaintiff to be viewed in an unfavorable light by the Court and the King's County District Attorney's Office. Also, additional court appearances were required with respect to the May 15, 2015 arrest on August 16,2015, August 21, 2015, September 17, 2015, October 29, 2015, December 14, 2015, January 26, 2016 and May 28, 2016.

32.     Plaintiff lost time from work, suffered physical trauma during his arrest and incarceration, incurred legal fees and suffered embarrassment, public humiliation and emotional distress.

and emotional distress.

33.    The charges against Plaintiff for the purported violation of the Order of

Protection were dismissed on March 28, 2016.

34.    The order of protection resolved on May 3, 2016 when Plaintiff accepted

an adjournment in contemplation of dismissal that was returnable on May 2, 2017.

**AS AND FOR A FIRST CAUSE OF ACTION**
**Deprivation of Rights Under the 14th Amendment and USC §1983**

35.    Plaintiff repeats and realleges the allegations set forth in the preceding

paragraphs as if all were set forth fully herein.

36.    Upon information and belief and based upon anecdotal evidence and

discussions which Plaintiff has had with friends, acquaintances former classmates and

with current and/or former officers who are/were members of the New York Police

Department, the New York Police Department has a policy and/or practice of arresting

individuals who are accused of violating an order of protection without reading and/or

reviewing the order of protection that has been deemed violated.

37.    Upon information and belief, the policy and/or practice adopted by the

New York Police Department of arresting individuals who are accused of violating

orders of protection without reading and/or reviewing the order of protection, is systemic

and has been implemented by those who are at the top of the chain of command.

38.    Upon information and belief, Officer Leonard was required by Department

protocol and by his commanding officer to arrest Plaintiff without regard as to whether

Plaintiff violated the order of protection.

39.    Plaintiff's arrest with respect to the order of protection was made without

8

probable cause. Exhibit A and Exhibit B together prove this without any other evidence.

40.     The conduct and actions of Defendants acting in concert and under color of law, in authorizing directing and/or causing the Plaintiff to be arrested and prosecuted was excessive and unreasonable and was done with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their actions and was designed to and did cause specific physical emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive unreasonable and unjustified force.

41.     There was no probable cause for the arrest and prosecution of Plaintiff.

42.     As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty and was otherwise damaged and injured.


**AS AND FOR A SECOND CAUSE OF ACTION**
**Constitutional Violations against the City of New York**
43.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

44.     Upon information and belief and based upon anecdotal evidence and discussions which Plaintiff has had with friends, former classmates and with current former officers who are members of the New York Police Department, the New York Police Department has a policy and/or procedure of arresting individuals who are

9

accused of violating an order of protection without reading and/or reviewing the order of protection that has been deemed violated.

45.     Upon information and belief, the policy and/or practice adopted by the New York Police Department of arresting individuals who are accused of violating orders of protection without reading and/or reviewing the order of protection, is systemic and has been implemented by those who are at the top of the chain of command.

46.     Upon information and belief, Officer Leonard was required by NYPD Departmental protocol, policies and/or procedures and by his commanding officer to arrest Plaintiff without regard as to whether Plaintiff violated the order of protection.

47.     Plaintiff's arrest with respect to the order of protection was made without probable cause. Exhibit A and Exhibit B together prove this without any other evidence.

48.     The individual defendants were a direct and proximate cause of the damages and injuries complained of herein.

49.     The conduct of the New York Police Department was a direct consequence of the policies and practices of the Defendant City of New York.

50.     At all times relevant to this complaint, Defendant City of New York, acting through the New York Police Department had in effect policies practices and customs that condoned and fostered the unconstitutional conduct of the individual defendants.

51.     It was the policy and/or custom of the City of New York to inadequately and improperly investigate incidents in which a purported violation of an Order of Protection has occurred resulting in the unlawful arrest of Plaintiff and others in similar circumstances.

52.     It was the policy and/or custom of the New York Police Department to

arrest Plaintiff and others in similar circumstances without adequate investigation and without review

53.     As a result of the above described policies and customs, police officers of the City of New York, including the Defendants, believed that their actions would be condoned by the City of New York despite the fact that there was no probable cause for Plaintiff's arrest. Exhibit A and Exhibit B together prove this without any other evidence.

54.     The wrongful policies, practices customs and/or usage complained of herein demonstrated a deliberate indifference on the part of the policy makers of the City of New York, and were the direct and proximate cause of the violations of Plaintiffs rights alleged herein.

## AS AND FOR A THIRD CAUSE OF ACTION
### Unlawful Imprisonment /Malicious Prosecution

55.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if all were set forth fully herein.

56.     Upon information and belief and based upon anecdotal evidence and discussions which Plaintiff has had with friends, former classmates and with current former officers who are members of the New York Police Department, the New York Police Department has a policy of arresting individuals who are accused of violating an order of protection without reading and/or reviewing the order of protection that has been deemed violated.

57.     Upon information and belief, the policy and/or practice adopted by the New York Police Department of arresting individuals who are accused of violating orders of protection without reading and/or reviewing the order of protection, is systemic and has been implemented by those who are at the top of the chain of command.

11

58.     Upon information and belief, Officer Leonard was required by Department protocol and by his commanding officer to arrest Plaintiff without regard as to whether Plaintiff violated the order of protection.

59.     Plaintiff's arrest with respect to the order of protection was made without probable cause. Exhibit A and Exhibit B together prove this without any other evidence.

60.     The conduct and actions of Defendants acting in concert and under color of law, in authorizing, directing and/or causing the Plaintiff to be arrested and prosecuted was excessive and unreasonable and was done with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their actions.

61.     There was an absence of probable cause for the arrest and prosecution of Plaintiff. Exhibit A and Exhibit B together prove this without any other evidence.

62.     As a consequence of the actions taken by the New York Police Department, the Court and the King's County District Attorney's Office, Plaintiff was deprived of access to his home and was forced to find alternative housing for an extended period of time, and was denied access to his personal belongings.

63.     As a consequence of the actions taken by the New York Police Department, the Court and the King's County District Attorney's Office, Plaintiff was deprived of his limited access to the garage at the residence and was no longer able to pick up his tools and materials.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Negligence

64.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if all were set forth fully herein.

65.     Upon information and belief and based upon anecdotal evidence and discussions which Plaintiff has had with friends, former classmates and with current former officers who are members of the New York Police Department, the New York Police Department has a policy of arresting individuals who are accused of violating an order of protection without reading and/or reviewing the order of protection that has been deemed violated.

66.     Upon information and belief, the policy and/or practice adopted by the New York Police Department of arresting individuals who are accused of violating orders of protection without reading and/or reviewing the order of protection, is systemic and has been implemented by those who are at the top of the chain of command.

67.     Upon information and belief, Officer Leonard was required by Department protocol and by his commanding officer to arrest Plaintiff without regard as to whether Plaintiff violated the order of protection.

68.     Plaintiff's arrest with respect to the order of protection was made without probable cause. Exhibit A and Exhibit B together prove this without any other evidence.

69.     The conduct and actions of Defendants acting in concert and under color of law, in authorizing directing and/or causing the Plaintiff to be arrested and prosecuted was excessive and unreasonable and was done with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their actions.

70.     There was an absence of probable cause for the arrest and prosecution of Plaintiff. Exhibit A and Exhibit B together prove this without any other evidence.

71.     As a consequence of the actions taken by the New York Police Department, the Court and the King's County District Attorney's Office, Plaintiff was

deprived of access to his home and was forced to find alternative housing for an extended period of time.

72.    As a consequence of the actions taken by the New York Police Department, the Court and the Kings' County District Attorneys' Office, Plaintiff was deprived of limited access to the garage at the residence and was no longer able to pick up his tools and materials.

73.    As a consequence of the actions taken by the New York Police Department, the charges which were made in connection with the Order to Protection took longer to resolve and caused Plaintiff to be viewed in an unfavorable light by the Court and the King's County District Attorney's Office.

74.    Plaintiff lost time from work, suffered physical trauma during his arrest and incarceration, incurred legal fees and suffered embarrassment, public humiliation an emotional distress.

75.    As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all the Defendants:

        a.  Compensatory damages in an amount to be determined by a jury;

        b.  Punitive damages in an amount to be determined by a jury;

        c.  The convening and empaneling of a jury to consider the merits of the claims herein;

        d.  Costs, interests and attorneys' fees; and

e. Such other and further relief as this Court may deem proper.

Dated: June __, 2017

_____
MARK BELLI, Plaintiff, *pro se*
258 92nd Street
Brooklyn, NY 11209
(718) 825-5827

15

X 13—Notice of Claim against The City of New York      JULIUS BLUMBERG, INC., PUBLISHER

In the Matter of the Claim of

MARK BELLI

against

THE CITY OF NEW YORK

TO: COMPTROLLER OF THE CITY OF NEW YORK

PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against the City of New York, as follows: [Office of the Comptroller requests the following additional information: in Section 2, specific defect (e.g. pothole) if applicable; in Section 3, street address wherever possible.]

1. The name and post-office address of each claimant and claimant's attorney is:

Mark Belli                          Victor M. Brown, Esq.
258 92nd Street                     11 Park Place, Suite 600
Brooklyn, NY 11209                  New York, NY 10007

2. The nature of the claim:

State and Federal civil right violations; 42 USC 1983 violations, intentional infliction of emotional distress, false arrest, malicious prosecution and related causes of action

3. The time when, the place where and the manner in which the claim arose:

First incident June 9, 2015 Claimant unlawfully arrested by members of N Police Department at approximately 8:00 p.m. in vicinity of 258 92nd street, Brooklyn, NY
Second incident August 15, 2015 at 68th Precinct in Kings County between 2 and 3 pm Claimant ordered to surrender himself upon alleged violation of Order of Protection by Det. Leonard of 68th Pct. Detective Squad, both cases prosecuted by Kings County District Attorney, arrests made without probable cause, Claimant subjected to unlawful searches by NYPD Officers

4. The items of damage or injuries claimed are (include dollar amounts)

Claimant has incurred legal fees, lost time from work, public humiliation and embarrassment, intentional infliction of emotional distress due to NYPD entire policy of making arrests in Order of protection cases, Claimant had a limited Order allowing him within proximity of residence, which term ignored by Det. Leonard, who cited NYPD "protocol" of making arrests in "these situations".

Claimant unlawfully searched, arrested and maliciously prosecuted, said prosecution is presently ongoing.

The undersigned claimant(s) therefore present this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant(s) intend(s) to commence an action on this claim.

Dated: 9/9/2015

Victor M. Brown, Esq.
11 Park Place, Suite 600
New York, NY 10007
xxxx(212)227-7373

X _Mark Belli_

The name signed must be printed beneath

mark belli

The name signed must be printed beneath

Attorney(s) for Claimant(s)
Office and Post Office Address, Telephone Number

### INDIVIDUAL VERIFICATION

State of New York, County of ............................ ss.:

being duly ... sw. deposes and says that deponent is the claimant in the within action; that .... he has read the foregoing Notice of Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

Sworn to before me, this
day of ........................ 20...

VICTOR M. BROWN
Notary Public, State of New York
No. 02BR6009434
Qualified in Kings County
Commission Expires June 29, 20___

### CORPORATE VERIFICATION

State of New York, County of ............................ ss.:

............................................ being duly sworn, deposes and says that deponent is the ............................ of ........................ corporate claimant named in the within action; that deponent has read the foregoing Notice of Claim and knows the contents thereof; and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

This verification is made by deponent because said claimant is a ........................ corporation, and deponent an officer thereof, to wit its ........................

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Sworn to before me, this
day of ........................ 19...

In the Matter of the Claim of

MARK BELLI

against

THE CITY OF NEW YORK

Notice of Claim Against the City of New York

Attorney(s) for Claimant(s)
Office and Post Office Address

VICTOR M. BROWN, ESQ.
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373

Order No: 2015-016559
NYSID No: 01364500H
CJTN No: _____

At a term of the New York City Criminal Court, Kings County Branch, County of Kings at the Courthouse at 120 Schermerhorn Street, Brooklyn, NY 11201, State of New York

PRESENT:   Honorable Stephen M. Antignani

| | ORDER OF PROTECTION |
| --- | --- |
| | Family Offenses - C.P.L. 530.12 |

**PEOPLE OF THE STATE OF NEW YORK**
          - against -

☐ Youthful Offender (check if applicable)

MARK BELLI ,
Defendant

Part: DV2          Case No.:  2015KN037498

Charges: PL 120.00 01 AM, 3 count(s) of A Misd, 2 count(s) of B Misd, 2 count(s) of Viol

DOB: 12/15/1969

Defendant Present in Court

NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND CONTINUE IN EFFECT UNTIL A NEW DATE SET BY THE COURT.

THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER .

☒   TEMPORARY ORDER OF PROTECTION - Whereas good cause has been shown for the issuance of a temporary order of protection

☐   ORDER OF PROTECTION - Whereas defendant has been convicted of [specify crime or violation]:

And the Court having made a determination in accordance with section 530.12 of the Criminal Procedure Law,

IT IS HEREBY ORDERED that the above-named defendant MARK BELLI (DOB: 12/15/1969) observe the following conditions of behavior:

01]   Stay away from [A]      MARY BELLI and MAGGIE BELLI;

   [B]    the home of MARY BELLI and MAGGIE BELLI;

   [C]    the school of MARY BELLI and MAGGIE BELLI;

   [D]    the business of MARY BELLI and MAGGIE BELLI;

   [E]    the place of employment of MARY BELLI and MAGGIE BELLI;

14]   Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with MARY BELLI and MAGGIE BELLI;

02]   Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, identity theft, grand larceny, coercion or any criminal offense against MARY BELLI and MAGGIE BELLI;

12]   Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following: ANY AND ALL and do not obtain any further guns or other firearms.  Such surrender shall take place immediately, but in no event later than IMMEDIATELY at LOCAL PRECINCT;

99]   Observe such other conditions as are necessary to further the purposes of protection: THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER.;

99]   Observe such other conditions as are necessary to further the purposes of protection: SUBJECT TO SUPREME COURT ORDERS AND/OR FAMILY COURT ORDERS RE: CUSTODY & VISITATION;

99]   Observe such other conditions as are necessary to further the purposes of protection: DEFENDANT MARK BELLI allowed to enter the garage at 258 92ND STREET, BROOKLYN, NY 11209 only for  the purpose of obtaining only tools, equiment, and materials relating to Defendant's job;

IT IS FURTHER ORDERED that this order of protection shall remain in force until and including 12/28/2015, but if you fail to appear in court on this date, the order may be extended and continue in effect until a new date set by the court.
DATED: 07/27/2015

                                                                              _____
                                                                              Honorable Stephen M. Antignani

☒ Defendant advised in Court of issuance and contents of Order.
☐ Order to be served by other means [specify]: _____
☐ Warrant issued for Defendant
☒ Order personally served on Defendant in Court      _____
                                                                              (Defendant's signature)

☐ ADDITIONAL SERVICE INFORMATION [specify]: _____
The Criminal Procedure Law provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties shall authorize and in some situations may require, such officer to arrest a defendant who is alleged to have violated its terms and to bring him or her before the Court to face penalties authorized by law.
Federal law requires that this order be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person against whom the order is sought is an intimate partner of the protected party and has been or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect that person's rights (18 USC §§2265, 2266).
It is a federal crime to:
· cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
· buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty); and
· buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired. (18 U.S.C. 922(g)(8), §§922(g)(9), 2261, 2261A, 2262).

# EXHIBIT   B

CRIMINAL COURT OF THE CITY OF NEW YORK
PART AEAR COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

v

MARK BELLI

STATE OF NEW YORK
COUNTY OF KINGS

PARALEGAL KRISTEL HAIG OF THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE SAYS THAT
ON OR ABOUT AUGUST 12,2015 AT APPROXIMATELY 11:15 PM AT 258 92 STREET APARTMENT
1 COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

PL 215.50(3)                        CRIMINAL CONTEMPT IN THE SECOND DEGREE

IN THAT THE DEFENDANT DID:

ENGAGE IN INTENTIONAL DISOBEDIENCE OR RESISTANCE TO THE LAWFUL PROCESS OR OTHER
MANDATE OF A COURT.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE
AS FOLLOWS:

DEPONENT IS INFORMED BY MARY BELLI THAT, AT THE ABOVE TIME AND PLACE, WHICH IS
INFORMANT'S RESIDENCE, INFORMANT OBSERVED DEFENDANT SITTING IN THE PASSENGER
SIDE OF DEFENDANT'S GIRLFRIEND'S VEHICLE IN FRONT OF INFORMANT'S RESIDENCE.

DEPONENT FURTHER STATES THAT THE ABOVE-DESCRIBED CONDUCT BY DEFENDANT WAS IN
VIOLATION OF A 7/27/15 ORDER OF PROTECTION, ISSUED BY JUDGE ANTIGNANI UNDER
DOCKET NUMBER 2015KN037498 IN EFFECT UNTIL 12/28/15 AND ORDERING THE DEFENDANT
TO STAY AWAY FROM MARY BELLI, AND TO STAY AWAY FROM THE HOME OF MARY BELLI AND
TO REFRAIN FROM ASSAULTING, HARASSING, MENACING, INTIMIDATING OR THREATENING
MARY BELLI.

DEPONENT FURTHER STATES THAT DEPONENT'S BASIS FOR BELIEVING THAT DEFENDANT HAD
KNOWLEDGE OF THE ABOVE-DESCRIBED ORDER OF PROTECTION IS AS FOLLOWS: THAT ORDER
BEARS WHAT IS PURPORTED TO BE DEFENDANT'S SIGNATURE UPON ITS FACE, IS ENDORSED
"DEFENDANT ADVISED IN COURT OF ISSUANCE AND CONTENTS OF ORDER" AND IS FURTHER
ENDORSED "ORDER PERSONALLY SERVED ON DEFENDANT IN COURT."

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW.

DATE                    SIGNATURE

2015KN053303





$001.610

PITNEY BOWES

02 1P
0000853999   JUN 13 2017
MAILED FROM ZIP CODE 10022

Law Department
100 Church street
New York, NY 10007
Att: Bridgette Nunez

Mark Bell
258- 93 street
Brooklyn NY 11041

## AFFIDAVIT OF MAILING

STATE OF NEW YORK   )
                       )ss.:
COUNTY OF NEW YORK   )

      Mark Belli, being duly sworn, deposes and says:

      On June 13, 2017, I mailed the within Amended Complaint by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Bridgette Nunez, Esq.
New York City Law Dept.
100 Church Street
New York, NY 10007

_Mark Belli_

MARK BELLI

Sworn to before me this
3ᵗʰ day of June 2017

Notary Public

SUSAN C. WARNOCK
NOTARY PUBLIC-STATE OF NEW YORK
No. 02WA5039046
Qualified in New York County
My Commission Expires ___